Joseph W. LITTLE, Plaintiff,

v.

CITY OF NORTH MIAMI, Marco V. Loffredo, Jr., John Hagerty, Diane Brannen, James Devaney, Simon, Schindler and Hurst, P.A., and Jennifer Hurst Kroner f/k/a Jennifer Hurst, Defendants.

No. 85–2555–CIV–EPS.

United States District Court,
S.D. Florida,
Miami Division.

Nov. 18, 1985.

Richard E. Nelson and Robert C. Widman, Sarasota, Fla., for plaintiff.

Mark R. Boyd, Ft. Lauderdale, Fla., for defendant Kroner.

Homer Marlow, Miami, Fla., for defendant Simon.

T. Michael Kennedy, Miami, Fla., for other defendants.

## MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANTS' MOTIONS TO DISMISS THE PLAINTIFF'S COMPLAINT AND ORDER OF DISMISSAL

SPELLMAN, District Judge.

### I.

### BACKGROUND

This CAUSE comes before the Court on the Defendants' Motions to Dismiss the Plaintiff's Complaint. On July 9, 1985, the Plaintiff filed suit in the United States District Court for the Southern District of Florida, alleging violations of 42 U.S.C. Section 1983. Jurisdiction is predicated upon 28 U.S.C. Sections 1331 and 1343.

The Plaintiff is a Professor of Law at the University of Florida College of Law and a member of the Florida Bar. Sometime prior to October 11, 1983, he, without compensation, represented the Florida Defenders of the Environment, himself and others in two Florida state court civil actions against the Governor and Cabinet of the State of Florida in which the City of North Miami Beach (CITY) was an intervening party represented by the Defendant, Simon, Schindler & Hurst (P.A.) and the Defendant, Kroner, an attorney-at-law. On October 11, 1983, the CITY adopted Resolution No. R83–65 which states in pertinent part:

The Council of the City of North Miami hereby censures Professor Joseph W. Little for improper use of public funds to represent private parties in litigation against the State and against the interests of the City of North Miami.

All of the Defendants allegedly disseminated this Resolution to each of his superiors at the University of Florida and to other state officials. On November 18, 1983, the attorney for the University of Florida wrote to the Defendant, Kroner, to inform all of the Defendants that the Plaintiff's activities were *pro bono publico*, had the prior approval of his employer and were entirely within the scope of his employment duties.

The Complaint contains ten claims for relief, the first five addressed to the alleged violation of 42 U.S.C. Section 1983: the passage of a bill of attainder against the Plaintiff as a per se violation of the United States Constitution; the retaliation against the Plaintiff for the exercise of his first amendment rights; the denial of the Plaintiff's sixth amendment rights; the deprivation of a liberty interest plus an intentional attempt to deny a property interest; and a denial of due process of law and an intentional attempt to deprive the Plaintiff of a property interest. Counts six through ten are State claims against the various Defendants for defamation, outrage and conspiracy. This Court has carefully considered the Motions to Dismiss and their memoranda of law, the Plaintiff's memoranda of law in opposition, the respective affidavits, the pleadings, filed supplemental authority, and the Plaintiff's supplemental memorandum. This Court has also heard and considered the oral argument of counsel. For the reasons set forth below, this Court GRANTS the Motions to Dismiss the Section 1983 claims without prejudice to the Plaintiff to pursue the appropriate remedies in the state court.

### II.

### BILL OF ATTAINDER

In Count One of the Complaint, the Plaintiff alleges that the Resolution is a bill of attainder forbidden by article I, sections 9 and 10 of the United States Constitution. In 1946, in a landmark case, the United States Supreme Court invalidated a section of the Urgent Deficiency Act of 1943 which prohibited payment of further salary to named federal employees and discussed at length the category of Congressional actions barred by the bill of attainder clause:

A bill of attainder is a legislative act which inflicts punishment without a judicial trial. If the punishment be less than death, the act is termed a bill of pains and penalties. Within the meaning of

the Constitution, bills of attainder include bills of pains and penalties. *United States v. Lovett*, 328 U.S. 303, 315, 66 S.Ct. 1073, 1078, 90 L.Ed. 1252 (1946), *quoting Cummings v. Missouri*, 71 U.S. 277, 18 L.Ed. 356 (1867).

The Court has also deemed it punishment under the bill of attainder clause certain legislative acts imposing on named individuals or on an easily identifiable class a sanction of mandatory forfeiture of employment or office. *See Nixon v. Administrator of General Services*, 433 U.S. 425, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977); *United States v. Brown*, 381 U.S. 437, 85 S.Ct. 1707, 14 L.Ed.2d 484 (1965).

█ In the instant case, the Resolution fails to conform to the accepted definition of a bill of attainder in two respects: first, it is not a legislative pronouncement with the force of law; and second, it does not prescribe a punishment, penalty or forfeiture. A Resolution is an opinion. It is not law. *Joiner v. City of Dallas*, 380 F.Supp. 754 (N.D.Tex.1974). While a Resolution has a "special and temporary character," it is "an ordinance [that] prescribes a permanent rule of conduct or government." *Certain Lots, etc. v. Town of Monticello*, 159 Fla. 134, 31 So.2d 905, 911 (1947). The Resolution herein amounts to nothing more than an expression of the City's opinion concerning the conduct and the activities of the Plaintiff. Further, it has not been alleged that the Plaintiff has suffered a cognizable deprivation. The University has not fired him. They have not denied him tenure. He has not failed to obtain a position for which he has applied. The Court simply can not find a pain or penalty of the sort traditionally associated with the Constitutionally proscribed bill of attainder.[1]

The Plaintiff has relied upon *Crain v. City of Mountain Home, Ark.*, 611 F.2d 726 (8th Cir.1979). The Plaintiff should note, however, that the two crucial distinctions between *Crain* and his case are identical to the two above-named elements lacking in his own Complaint that are necessary to make out a bill of attainder. *Crain* was an action brought against members of the City Council to declare certain ordinances unconstitutional. The City Council had appointed Crain to fill the unexpired term of the previous City Attorney. When he became the sole candidate for the position for the next term, the Council took action which was quite egregious: they enacted ordinances reducing the City Attorney's salary to $1.00 per year, prohibiting the City Attorney from engaging in the private practice of law, and removing the Plaintiff from office for the remainder of the term. The Court found these acts to be unconstitutional bills of attainder. However, unlike the situation before this Court, the acts complained of were ordinances, not resolutions, and they did have the force of law. In *Crain*, the legislative acts did indeed inflict punishment: they resulted in the forfeiture of the Plaintiff's job. In sum, the Resolution in the instant case can not, as a matter of law, be deemed a bill of attainder within the meaning of article I, sections 9 and 10 of the United States Constitution.

## III

### FIRST AMENDMENT

█ In Count Two of the Complaint, the Plaintiff claims that vindictive and punitive actions taken under color of law violated the Plaintiff's right to seek access to and represent clients before the courts, a right guaranteed by the first amendment to the United States Constitution. As discussed above, the Resolution does not have the force of law. 42 U.S.C. Section 1983 provides a claim for relief founded on a statute, ordinance, regulation, custom or usage. The Resolution here is nothing more than the expression of an opinion. It did not affect the rights of the Plaintiff.

1. *See Cummings v. Missouri*, 71 U.S. 277, 18 L.Ed. 356 (1867) (barring clergymen from ministry in the absence of subscribing to a loyalty oath); *United States v. Lovett*, 328 U.S. 303, 315, 66 S.Ct. 1073, 1078, 90 L.Ed. 1252 (1946) (barring named individuals from government employment); *United States v. Brown*, 381 U.S. 437, 85 S.Ct. 1707, 14 L.Ed.2d 484 (1965) (barring Communist Party members from offices in labor unions).

*See Joiner v. City of Dallas,* 380 F.Supp. 754 (N.D.Tex.1974).

■ Further, it can not be successfully argued that the Resolution in the instant case amounts to a "custom or usage" of the municipality. *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) explained what practices may constitute "custom or usage" within the purview of Section 1983. They must be "permanent and well settled" and have "the force of law." *Id.* at 691, 98 S.Ct. at 2036.[2] *See also City of Oklahoma v. Tuttle,* —— U.S. ——, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985); *Gilmere v. City of Atlanta,* 737 F.2d 894 (11th Cir.1984); *Pembaur v. Cincinnati,* 746 F.2d 337 (6th Cir.1984). A single Resolution expressing a city's disapproval of an individual's activities does not automatically become a problem of constitutional dimension. To treat every opinion by a municipality as an impingement upon first amendment rights is to convert already congested federal courts into soap box arenas for theoretical forensics.

## IV

### SIXTH AMENDMENT

In Count Three, the Plaintiff contends that when the City adopted and disseminated the Resolution, they denied him the right to be informed of charges against him, confront his accusers, present witnesses and evidence in his behalf, and be assisted by counsel as guaranteed by the sixth amendment of the Constitution.

■ To bolster his sixth amendment claim, the Plaintiff cites *Jenkins v. McKeithen,* 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). In *Jenkins,* a member of a labor union brought an action for declaratory and injunctive relief challenging as violative of due process and equal protection a Louisiana law creating a Commission to investigate and find facts relating to violations of criminal laws in the labor-management context. In the opinion, the Court carefully distinguished the case from *Hannah v. Larche,* 363 U.S. 420, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960) in which the Court upheld the Civil Rights Commission against similar challenges. The Court in *Jenkins* elaborated on the different roles and procedures of the two Commissions:

> In our view, however, the Commission in the present case differs in a substantial respect from the Civil Rights Commission and the other examples cited by the Court in *Hannah.* It is true, as the Supreme Court of Louisiana has held ... that the Commission does not adjudicate in the sense that a court does, nor does the Commission conduct, strictly speaking a criminal proceeding. Nevertheless, the Act, when analyzed in light of the allegations of the Complaint, makes it clear that the Commission exercises a function very much akin to making an official adjudication of criminal culpability. *Jenkins v. McKeithen,* 395 U.S. 411, 427, 89 S.Ct. 1843, 1851, 23 L.Ed.2d 404 (1969).

The adoption and dissemination of the Resolution in the instant case has even less impact on individual rights than the actions that withstood constitutional scrutiny in *Hannah.* In the present case, the City has not adjudicated. It has not conducted a trial. It has not determined liability. It has not indicted, punished, or imposed legal sanctions. *See Hannah v. Larche,* 363 U.S. 420, 441, 80 S.Ct. 1502, 1514, 4 L.Ed.2d 1307 (1960). Unlike the Act invalidated in *Jenkins,* the adoption of the Resolution is not tantamount to empowering an official body to find that a particular individual is guilty of a crime. *Jenkins v. McKeithen,* 395 U.S. 411, 429, 89 S.Ct. 1843, 1852, 23 L.Ed.2d 404 (1969). In sum, this Court does not agree with the Plaintiff's contentions that *Jenkins* is directly on point with respect to the facts alleged in his Complaint.

---

**2.** The Court is quoting Justice Harlan in *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 167–68, 90 S.Ct. 1598, 1613–14, 26 L.Ed.2d 142 (1970).

■ Finally, the United States Supreme Court has repeatedly emphasized the rule that sixth amendment rights attach only at or subsequent to the initiation of adversary proceedings. *See Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *United States v. Gouveia,* 467 U.S. 180, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984). The Plaintiff is not embroiled in a trial-type confrontation. Nor has the Resolution charged the Plaintiff with a crime or made a judicial finding. As such, there is simply no violation under 42 U.S.C. Section 1983.

## V

## DUE PROCESS OF LAW

In the Fourth and Fifth Counts, the Plaintiff has alleged a deprivation of liberty and property interests without due process of law. The situation in *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) is factually akin to the present case. In *Paul,* the chief of police initiated a campaign to alert local merchants of possible shoplifters. After the Plaintiff had been arrested on a shoplifting charge, they included his photograph and name in a flyer notifying the merchants of "active shoplifters." When the charge was dismissed, the Plaintiff brought a Section 1983 action against the police chiefs. The United States Supreme Court found that the police chiefs had not deprived the Plaintiff of any liberty or property rights secured against state deprivation by the due process clause of the fourteenth amendment. Justice Rehnquist, who delivered the opinion of the Court, stated:

> Respondent, however, has pointed to no specific constitutional guarantee safeguarding the interest he asserts has been invaded. Rather, he apparently believes that the Fourteenth Amendment's Due Process Clause should *ex proprio vigore* extend to him a right to be free of injury whenever the State may be characterized as the tortfeasor. But such a reading would make of the Fourteenth Amendment a font of tort law to be superim-

posed upon whatever systems may already be administered by the States. We have noted the 'constitutional shoals' that confront any attempt to derive from Congressional civil rights statutes a body of general federal tort law ... [T]he procedural guarantees of the Due Process Clause cannot be the source for such law. *Id.* at 700–01, 96 S.Ct. at 1160.

The Court further found that an allegation of reputational harm alone is insufficient to invoke the procedural protection of the due process clause. *Id.* The Court wished to avoid establishing a "constitutional doctrine converting every defamation by a public official into a deprivation of liberty within the meaning of the due process clause of the fifth and fourteenth amendment." *Id.* at 702, 96 S.Ct. at 1161.

■ This Court can not accept the Plaintiff's position that his injury fits into *Paul's* definition of "stigma plus." The allegations in the Complaint are devoid of any suggestion of a deprivation of a tangible, economic interest. The University has not fired the Plaintiff. They have not denied him tenure. There is no indication that the Plaintiff has sought employment elsewhere only to meet with closed doors. In fact, it is difficult for this Court to see how the Resolution has even interfered slightly with the Plaintiff's employment when he alleges that the University attorney reacted to the Resolution by informing the Defendants that the Plaintiff's activities "had the prior approval of his employer and were within the scope of his employment duties." *See* page 6 of the Complaint. This Court finds that when viewing the allegations in the Complaint most favorably to the Plaintiff, they simply do not meet the requirements of *Paul.*

## VI

## CONCLUSION

■ The Resolution in the instant case can not be a bill of attainder because it is not a legislative pronouncement with the force of law, nor does it prescribe a penalty or punishment. In addition, the

single Resolution does not amount to the "custom or usage" of a municipality within the meaning of 42 U.S.C. Section 1983. Since the City in adopting a Resolution has not initiated adversary proceedings, indicted or imposed legal sanctions, sixth amendment rights do not attach. Further, an allegation that amounts to nothing more than reputational harm does not establish the deprivation of a liberty or property interest repugnant to the due process clause. Since the Plaintiff's claim is not cognizable under 42 U.S.C. Section 1983, this Court is without subject matter jurisdiction to address the merits of the remaining state claims. Therefore, this case is hereby DISMISSED without prejudice to the Plaintiff to seek redress for the State claims in the appropriate forum—the State court.