805 F.2d 962
 35 Ed. Law Rep. 1037
 Joseph W. LITTLE, Plaintiff-Appellant,
v.
CITY OF NORTH MIAMI, Marco V. Loffredo, Jr., John Hagerty,
Diane Brannen, James Devaney, Simon, Schindler and
Hurst, P.A., and Jennifer Hurst Kroner,
f/k/a Jennifer Hurst,
Defendants-Appellees.
 No. 85-6068.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 9, 1986.
 
 Robert C. Widman, Richard E. Nelson, Nelson Hesse Cyril Smith Widman & Herb, Sarasota, Fla., for plaintiff-appellant.
 Joseph W. Little, Gainesville, Fla., pro se.
 Guy Gaebe, Gaebe & Murphy, Coral Gables, Fla., for City of Miami, et al.
 Claudia B. Greenberg, Marlow, Shofi, Smith, Connell, DeMahy & Valerius, Miami, Fla., for Simon, Schindler & Hurst, P.A.
 Mark R. Boyd, Walsh, Theissen and Boyd, Ft. Lauderdale, Fla., Michael J. Murphy, Gaebe & Murphy, Coral Gables, Fla., for Kroner.
 Appeal from the United States District Court for the Southern District of Florida.
 Before FAY and JOHNSON, Circuit Judges, and HOFFMAN*, Senior District Judge.
 CORRECTED OPINION
 PER CURIAM:
 
 
 1
 This case involves alleged civil rights violations. Appellant brought an action against multiple defendants in the United States District Court for the Southern District of Florida alleging inter alia five violations of 42 U.S.C. Sec. 1983 (1981). Little v. City of North Miami, 624 F.Supp. 768, 770 (S.D.Fla.1985). The District Judge dismissed the civil rights claims for failure to state a claim upon which relief could be granted. Little, 624 F.Supp. at 771-74. Because we conclude that appellant's first amendment and procedural due process claims state causes of action cognizable under Section 1983, we reverse.
 
 I.
 BACKGROUND
 
 2
 For the purpose of evaluating the sufficiency of a complaint, we must accept the facts pleaded as true and construe them in the light most favorable to appellant. Quality Foods de Centro Americo, S.A. v. Latin American Agribusiness Development Corp., S.A., 711 F.2d 989, 994-95 (11th Cir.1983). Appellant is a member of the Florida Bar Association and a professor of law at the University of Florida. Prior to October, 1983, appellant represented the Florida Defenders of the Environment in two Florida state court civil actions. This representation was on a pro bono publico basis with the approval of the University of Florida. The City of North Miami was an intervening party in the second lawsuit and was represented by Jennifer Hurst Kroner, an attorney employed by Simon, Schindler and Hurst, P.A. This state litigation involved the constitutionality of state appropriation for the purchase of land owned by the City of North Miami.
 
 
 3
 On October 11, 1983, the city Council of North Miami adopted Resolution No. R83-65 which states: "the Council of the City of North Miami hereby censures Professor Joseph W. Little for improper use of public funds to represent private parties in litigation against the State and against the interests of the City of North Miami." This resolution was passed and read aloud at a public meeting without notice to appellant and without verification that the assertions were truthful. Copies of R83-65 were circulated to twenty persons, including the president of the University of Florida, the dean of the University of Florida College of Law, the chairman and members of the Florida Board of Regents, the members of the Florida Legislature representing Dade County, and the Florida State Auditor General.
 
 
 4
 As a result of the passage and publication of the resolution, governmental investigations were undertaken and appellant claims he "suffered damage to his reputation, his employment relations, and mental and emotional pain and distress." Appellant does not assert that his employment has been terminated or that he has been denied tenure. Nevertheless, appellant brought an action against the city of North Miami, the mayor and council members, the attorney who prepared the resolution and the legal professional association who employed her. The complaint sought damages for five alleged constitutional violations and five pendant state law claims. As indicated, the district court dismissed the federal claims pursuant to Fed.R.Civ.P. 12(b)(6) without prejudice for appellant to seek redress for his state claims in state court. Little, 624 F.Supp. at 774. We have distilled the federal claims down to four issues and shall analyze them seriatim in order to determine whether appellant set forth sufficient facts which would entitle him to relief. For the reasons that follow, we reverse the ruling of the district court with respect to appellants' first amendment and procedural due process claims.
 
 II.
 ANALYSIS
 
 5
 42 U.S.C. Sec. 1983 (1981) provides in pertinent part:
 
 
 6
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
 
 
 7
 To state a claim under this Section, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right privilege, or immunity protected by the Constitution or laws of the United States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir.1985). Section 1983 creates no substantive rights; it does, however, provide remedies for deprivations of constitutionally protected interests. See Baker v. McCollan, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 2694 n. 3, 61 L.Ed.2d 433 (1979). Local governing bodies and local officials in their official capacities can be sued under Section 1983 when a party can establish that he or she has suffered a constitutional deprivation as a result of either "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or a "governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." Monell v. Department of Social Services, 436 U.S. 658, 690, 91, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).
 
 
 8
 For the purposes of determining the sufficiency of a claim, the likelihood of recovery is irrelevant. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). As the Supreme Court observed, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Scheuer, 416 U.S. at 236, 94 S.Ct. at 1686. This Court has acknowledged that "a complaint should not be dismissed for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) 'unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.' " Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir.1986) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957)).
 
 A. Bill of Attainder
 
 9
 Appellant claims that R83-65 adopted and disseminated by the Council of the City of North Miami operates as a bill of attainder. A bill of attainder, forbidden by U.S. Const. Art. I Sec. 9, cl. 3 and Sec. 10, cl. 1, has been described as "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." Selective Service System v. Minnesota Public Interest Research Group, 468 U.S. 841, 846-47, 104 S.Ct. 3348, 3352, 82 L.Ed.2d 632 (1984) (quoting Nixon v. Administrator of General Services, 433 U.S. 425, 468, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977)). The resolution in question, censuring appellant for "improper use of public funds," unquestionably resembles a bill of attainder in several respects.
 
 
 10
 First, R83-65 clearly identifies an individual. Second, the resolution arguably accuses appellant of unprofessional, unethical and criminal conduct. Third, the City Council, by passing the resolution, impliedly found appellant guilty without affording him the protections guaranteed by the formal adversarial process. Despite the similarities between the resolution and a bill of attainder, the district court determined that R83-64 is not a bill of attainder because the resolution "is not a legislative pronouncement with the force of law" and because it "does not prescribe a punishment, penalty or forfeiture." Little, 624 F.Supp. at 771.
 
 
 11
 Regarding the punishment requirement, the Supreme Court has recognized three tests for determining whether a law penalizes an individual for bill of attainder purposes: "(1) whether the challenged statute falls within the historical meaning of legislative punishment; (2) whether the statute, 'viewed in terms of the type and severity of burdens imposed, reasonably can be said to further nonpunitive legislative purposes'; and (3) whether the legislative record 'evinces a [legislative] intent to punish.' " Selective Service System, 468 U.S. at 852, 104 S.Ct. at 3355 (quoting Nixon, 433 U.S. 425 at 473, 475-76, 478, 97 S.Ct. 2777, 2805, 2806-07, 2809, 53 L.Ed.2d 867).
 
 
 12
 Although a public censure is not as harsh a sanction as the historical "pains and penalties" of imprisonment, banishment, punitive confiscation of property or "a legislative enactment barring designated individuals or groups from participation in specified employments or vocations,"[1] it is a recognized mode of punishment in certain circumstances.[2] Second, given the unique facts presented by this case, we are unable to conceive of any non-punitive, legitimate municipal purpose justifying the passage of R83-65. Considering the third test for determining a bill of attainder penalty, the record clearly evinces a legislative intent to punish the appellant.[3] After applying these tests, we recognize that whether public censure constitutes punishment for bill of attainder purposes may present a meritorious issue; nevertheless, we decline to resolve this question because we agree with the district court that any punishment inflicted by the resolution was not occasioned by a legislative act having the force of law.
 
 
 13
 A municipal ordinance may constitute a bill of attainder. See e.g., Crain v. City of Mountain Home, 611 F.2d 726 (8th Cir.1979). Nevertheless, the municipal legislation in question was in the form of resolution. The Supreme Court's definition of a bill of attainder in Selective Service System specifically states that the first element required to be present is a law. Selective Service System, 468 U.S. at 846, 104 S.Ct. at 3352. Florida law explicitly provides that an ordinance, and not a resolution is "enforceable as a local law." Fla.Stat. Sec. 166.041(1)(a) (West Supp.1985). A resolution is defined as "an expression of a governing body concerning matters of administration, an expression of a temporary character, or a provision for the disposition of a particular item of the administrative business of the governing body." Fla.Stat. Sec. 166.041(1)(b) (West Supp.1985). Legal actions which are "required to be accomplished by ordinance may not be accomplished by resolution." Carlton v. Jones, 158 So. 170, 170 (1934); see Brown v. City of St. Petersburg, 153 So. 141, 142 (1933). Here, the resolution is not " 'a regulation of a general and permanent nature.... enforceable as a local law' " as it represents little more than the City Council's opinion regarding the propriety of appellant's activities. Fla.Stat. Sec. 166.041(1)(a) (West Supp.1985).
 
 
 14
 Appellant argues that an act should be judged by its character and not by its label. Florida case law acknowledges that "a resolution passed with all the formalities required for passing ordinances may operate as an ordinance regardless of the name by which it is called." Brown, 153 So. at 144. When the character of R83-65 is evaluated with an impartial but critical eye, however, we conclude that the resolution is "merely declaratory of the will of the corporation in a given matter" and not "a continuing regulation [or a] permanent rule of government." Brown, 153 So. at 144. In addition, it does not affirmatively appear from the record that the resolution in question was passed with all the formalities required for an ordinance. For these reasons, we affirm the ruling of the district court.
 
 B. First Amendment
 
 15
 Appellant claims that R83-65 is violative of his first amendment rights as a vindictive and retaliatory act taken under the color of state law. Little, 624 F.Supp. at 771. The district court dismissed the claim, ruling that (1) a single act does not amount to "custom or usage" within the purview of Section 1983 and (2) the resolution did not have the force of law. Little, 624 F.Supp. at 771-72. Because the district court erroneously applied the pertinent law and because it is conceivable that appellant can prove the facts in support of his claim for retaliation of appellant's use of the courts, we reverse.
 
 
 16
 First, the district court erroneously ruled that appellant must prove a "custom or usage" of the municipality which caused the alleged constitutional infringement. Little, 624 F.Supp. at 772. With all due respect to the district court, this language, when applied to municipalities, refers only to situations akin to respondeat superior, where a claimant sues a city for alleged constitutional deprivations caused by municipal employees. City of Oklahoma City v. Tuttle, 471 U.S. 808, 105 S.Ct. 2427, 2433 (1985), reh'g denied, --- U.S. ----, 106 S.Ct. 16, 87 L.Ed.2d 695 (1985); Monell, 436 U.S. at 690-91, 98 S.Ct. at 2035-36; see e.g. Gilmere v. City of Atlanta, 774 F.2d 1495 (11th Cir.1985), cert. denied, --- U.S. ----, 106 S.Ct. 1993, 90 L.Ed.2d 673 (1986). In these instances, a single act attributable to improper activity of an employee is insufficient to impose vicarious liability on the municipality because of the lack of a "custom or policy" as defined in Monell. City of Oklahoma City, 471 U.S. 808, 105 S.Ct. at 2436; Gilmere, 774 F.2d at 1504; see Monell, 436 U.S. at 691, 98 S.Ct. at 2036.
 
 
 17
 In this case, the act which allegedly infringed upon appellant's first amendment rights is the resolution adopted by a local governmental body--the City Council of North Miami. As indicated, "local governing bodies ... can be sued directly under Sec. 1983 for monetary, declaratory, and injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690, 98 S.Ct. at 2035. Viewing the facts in the light most favorable to appellant, it appears that the City Council decided that appellant was guilty of culpable conduct and decided to publicly censure him as punishment. Because we conclude that the resolution in question can be fairly characterized as "a decision officially adopted and promulgated" by the City Council of North Miami, we conclude that the minimum requirements for imposing municipal liability have been alleged. Monell, 436 U.S. at 690, 98 S.Ct. at 2035 (emphasis added).
 
 
 18
 Second, unlike a Section 1983 claim based on an alleged bill of attainder, a Section 1983 action premised on an infringement of First Amendment rights does not require a legislative act having the force of law. See Hall v. Sutton, 755 F.2d 786 (11th Cir.1985). The only requirement is an action "under color of state law " which inhibits the exercise of protected rights. See Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981) (emphasis added). When an infringement of first amendment rights is alleged, the deprivation of a property interest is irrelevant. Perry v. Sindermann, 408 U.S. 593, 597-98, 92 S.Ct. 2694, 2697-98, 33 L.Ed.2d 570 (1972).
 
 
 19
 By representing the Florida Defenders of the Environment, himself and others in state litigation, appellant was engaging in a "form of political expression" entitled to First and Fourteenth Amendment protection. In re Primus, 436 U.S. 412, 428, 98 S.Ct. 1893, 1902, 56 L.Ed.2d 417 (1978); NAACP v. Button, 371 U.S. 415, 429, 83 S.Ct. 328, 335, 9 L.Ed.2d 405 (1963). This protection not only extends to prohibitions on prior restraints of speech; it also forbids the imposition of retaliatory sanctions designed to punish the legitimate exercise of First Amendment rights. Perry, 408 U.S. at 598, 92 S.Ct. at 2698; Hall, 755 F.2d at 787; Cate v. Oldham, 707 F.2d 1176, 1186 (11th Cir.1983); Muir v. Alabama Educational Television Commission, 688 F.2d 1033, 1037 (5th Cir.1982), cert. denied, 460 U.S. 1023, 103 S.Ct. 1274 (1983).
 
 
 20
 Viewed in the light most favorable to appellant, appellant's complaint asserts that the City Council of North Miami, acting under the color of Florida law, adopted and disseminated an official resolution publicly censuring appellant in retaliation for appellant's representation of an adverse party in state litigation, thereby subjecting appellant to official investigation and intentionally placing appellant in potential criminal, professional, social, political and economic jeopardy without any justification. A municipality, like any state governmental entity, may not retaliate against an individual because of that person's legitimate use of the courts. See Hall, 755 F.2d at 787. Thus, we conclude that under the facts as alleged, appellant's First Amendment claim states an action cognizable under Section 1983. Accordingly, the decision of the district court dismissing this claim is reversed.
 
 C. Sixth Amendment
 
 21
 Appellant claims that the adoption and dissemination of R83-65 denied appellant the right to notice, the right to confront accusers, the right to present witnesses and the right to be assisted by counsel--all in violation of the Sixth Amendment. In support of this claim appellant cites Jenkins v. McKeithen, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969), reh'g denied, 396 U.S. 869, 90 S.Ct. 35, 24 L.Ed.2d 123 (1969). The district court dismissed the claim finding insufficient precedential value in Jenkins to support a Sixth Amendment violation. Little, 624 F.Supp. at 772-73.
 
 
 22
 In Jenkins, a commission created by Louisiana statute was empowered to investigate criminal violations "in the field of labor-management relations," to determine whether probable cause of violations existed and to file appropriate charges. Jenkins, 395 U.S. at 414-17, 89 S.Ct. at 1845-46. Characterizing this function as "accusatory," the Supreme Court ruled that procedural due process requires that the commission "afford a person being investigated the right to confront and cross-examine the witness against him" and the right to present evidence. Jenkins, 395 U.S. at 429, 89 S.Ct. at 1852. Jenkins does not stand as authority for the proposition that an imputation of criminal culpability necessarily triggers Sixth Amendment rights. Jenkins merely holds that public officials may not publicly condemn an individual for criminal acts without affording the individual procedural requirements guaranteed by the fourteenth amendment. Jenkins, 395 U.S. at 428, 89 S.Ct. at 1852.
 
 
 23
 The Sixth Amendment is limited by its very terms to criminal prosecutions. U.S. Const. amend. VI; see Hannah v. Larche, 363 U.S. 420, 440 n. 16, 80 S.Ct. 1502, 1513, 4 L.Ed.2d 1307 (1960), reh'g denied, 364 U.S. 855, 81 S.Ct. 33, 5 L.Ed.2d 79 (1960). The Supreme Court has emphatically ruled that the Sixth Amendment is not implicated until adversarial judicial proceedings have been initiated. United States v. Gouveia, 467 U.S. 180, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984); Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 149 (1967). Since appellant has not alleged that criminal charges were brought against him, we affirm the dismissal of appellant's 1983 claim premised on the violation of Sixth Amendment rights.
 
 
 24
 D. Procedural Due Process--Deprivation of a Property and Liberty Interest
 
 
 25
 Appellant claims that he has been deprived of a property and a liberty interest without due process of law. Little, 624 F.Supp. at 773. The district court, relying principally on Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), reh'g denied, 425 U.S. 985, 96 S.Ct. 2194, 48 L.Ed.2d 811 (1976) dismissed the claim. Because appellant's claim of injury to his business reputation/goodwill is actionable under Section 1983, we reverse.
 
 
 26
 " 'Liberty' and 'property' are broad and majestic terms. They are among the '[g]reat [constitutional] concepts ... purposely left to gather meaning from experience...." Board of Regents v. Roth, 408 U.S. 564, 571, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1971) (quoting National Mutual Insurance Co. v. Tidewater Transfer Co., 337 U.S. 582, 646, 69 S.Ct. 1173, 1209, 93 L.Ed. 1556 (1949) (Frankfurter, J., dissenting)). Experience has proven that personal reputation, standing alone, is not a property or liberty interest which may serve as the basis for a Section 1983 claim. Paul, 424 U.S. at 712, 96 S.Ct. at 1165; Campbell v. Pierce County, 741 F.2d 1342, 1344 (11th Cir.1984), reh'g denied, 747 F.2d 710 (1984). This Court has acknowledged and reaffirmed, however, that business reputation/goodwill is both a property and a liberty interest which is protectable under the scope of Section 1983. Marrero v. City of Hialeah, 625 F.2d 499, 514-16 (5th Cir.1980), cert. denied, 450 U.S. 913, 101 S.Ct. 1353, 67 L.Ed.2d 337 (1981);[4] Economic Development Corp. of Dade County, Inc. v. Stierheim, 782 F.2d 952, 954-55 (11th Cir.1986); Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir.1985); Espanola Way Corp. v. Meyerson, 690 F.2d 827, 829 (11th Cir.1982), cert. denied, 460 U.S. 1034, 103 S.Ct. 1431, 75 L.Ed.2d 791 (1983). The court in Marrero ruled that when a party alleges injury to business reputation/goodwill interests in addition to injury to personal reputation, the averments satisfy the "stigma plus" requirement of Paul for alleging a constitutionally protected property and liberty interest. Marrero, 625 F.2d at 515-16.
 
 
 27
 The district court evidently construed appellant's complaint as alleging nothing more tangible than injury to personal reputation due to the fact that appellant could not allege deprivation of employment. As the district court observed, "[t]he allegations in the Complaint are devoid of any suggestion of a deprivation of a tangible, economic interest. The University has not fired the [appellant]. They have not denied him tenure. There is no indication that the [appellant] has sought employment elsewhere only to meet with closed doors." Little, 624 F.Supp. at 773.
 
 
 28
 With all due respect, we disagree with the district court's construction of appellant's complaint. It alleges that the City Council of North Miami, without affording appellant notice or a hearing, passed a resolution which has "embarrassed [appellant] in his personal life" and "[degraded] him in his employment." Based upon the liberal principles of notice pleading,[5] we conclude that appellant has sufficiently alleged injury to his business reputation. We see no reason why an attorney is not entitled to property or liberty interests in his or her business (professional) reputation/goodwill when the same rights have been extended to other businesses. See Marrero, 625 F.2d at 515 (jewelry business); Espanola Way, 690 F.2d at 829 (hotel business); Economic Development Corporation, 782 F.2d at 954 (construction business). Accordingly, we reverse the decision of the district court dismissing appellant's Section 1983 based on alleged procedural due process violations.
 
 CONCLUSION
 
 29
 We AFFIRM the dismissal of appellant's Section 1983 claims based on alleged violations of the Sixth Amendment and the prohibition against bills of attainder. We REVERSE the dismissals of appellant's First Amendment and procedural due process claims and REMAND these issues for further proceedings.
 
 
 30
 WALTER E. HOFFMAN, Senior District Judge, concurring specially:
 
 
 31
 Because the status of this case as it reaches us is a "notice pleading," I agree with the principal opinion that the trial court erred in granting the defendants' motion to dismiss the complaint, but this action is, of course, without prejudice to any subsequent ruling on a motion for summary judgment, if filed. The facts alleged are strikingly similar to Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), reh'g. denied, 425 U.S. 985, 96 S.Ct. 2194, 48 L.Ed.2d 811 (1976), which the Court described as a "classical claim for defamation" and which was declared to be non-actionable under 42 U.S.C. Sec. 1983.
 
 
 
 *
 Honorable Walter E. Hoffman, Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation
 
 
 [1]
 Nixon, 433 U.S. at 474, 97 S.Ct. at 2806
 
 
 [2]
 See Fla.Stat.Ann. Secs. 112.317(1)(a)4 and (b)8 (West 1982). These subsections authorize public censure as a punishment for violation of the Code of Ethics for Public Officers and Employees. Id
 
 
 [3]
 During oral argument, the following colloquy between the Court and Counsel representing the City of North Miami and its Commissioners took place:
 Q. They [the City Council members] were trying to get [appellant] fired, weren't they?
 A. No question about it, Judge.
 
 
 [4]
 The Eleventh Circuit, in the en banc decision Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981
 
 
 [5]
 In Espanola Way, 690 F.2d at 829, this Court reaffirmed the principle that the "sufficiency of the complaint in a Sec. 1983 action [is] to be viewed from the standpoint of notice pleading." Id