344 F.Supp.2d 1376 (2004)
SOUNDS OF SERVICE RADIO, INC., Plaintiff,
v.
ISLAMORADA, VILLAGE OF ISLANDS, Chris Sante, Mayor; Robert Johnston, Mike Forester, Michael Reckwerdt, and Patricia Schmidt, as Members of the City Council; G & G Trading, Inc., a Florida Corporation, its Officers, Directors, and Agents; Bill "IRA" Greenwald, as President, Registered Agent and Individually, and Bill Greenwald, Jr., Individually and Acting on Behalf of G & G Trading, Inc., Defendants.
No. 04-10091-CIV.
United States District Court, S.D. Florida, Miami Division.
November 5, 2004.
*1377 Joseph A. McGlothlin, Esq., McWhirter, Reeves, McGlothlin, Davidson, Kaufman & Arnold, P.A., Tallahassee, FL, Counsel for Plaintiff.
Edward G. Guedes, Esq., Weiss, Serota, Helfman, Pastoriza, Guedes, Cole & Boniske, P.A., Miami, FL, Counsel for Defendant Islamorada, Village of Islands.
Thomas E. Ice, Esq., Holland & Knight, LLC, Miami, FL, Counsel for Defendant G & G Trading, Inc.

ORDER DENYING PLAINTIFF'S MTION FOR PRELIMINARY INJUNCTION AND DISMISSING CASE WITH PREJUDICE
JAMES LAWRENCE KING, District Judge.
THIS CAUSE is before the Court upon Plaintiffs Motion for Preliminary Injunction, filed September 30, 2004.[1] The Court heard Oral Argument from both parties for the instant Motion on November 1, 2004.
Plaintiff requests that this Court enjoin Defendants from proceeding further in a case between G & G Trading, Inc., and Sounds of Service Radio, Inc., currently pending in the Circuit Court for the Sixteenth Judicial Circuit, in and for Monroe County, Florida.[2] Plaintiff contends that this Court has jurisdiction to enjoin Defendants from proceeding further in the pending state court action. Defendants argue that this Court should deny Plaintiffs Motion for Preliminary Injunction based on that fact that the issues pending in state court are not related to the issues that were before this Court in Plaintiffs previously filed Case No. 01-10026-CIVKING.[3]
The Anti-Injunction Statute specifically states that "a court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate judgments." 28 U.S.C. § 2283.
The action currently pending in state court involves a contractual lease dispute between G & G Trading, Inc., and Sounds of Service Radio, Inc.[4] The issue that was before this Court involved a dispute over building permits between Sounds of Service, Inc., and Islamorada, Village of Islands which was governed under the Telecommunications Act of 1996. The claims pending in state court involve: the validity of contract, ownership of property, legal title in property, and the entitlement of a lease. All of the aforementioned claims filed by Plaintiff in state court are governed by state law, and can properly be resolved in the pending state court action.
Upon review of Plaintiffs Complaint, the Court sua sponte, has determined that Plaintiff has failed to allege sufficient facts to state a claim upon which relief can be granted. "It is well established that a complaint should not be dismissed for failure to state a claim pursuant to Fed. R.Civ.P. 12(b)(6) `unless it appears beyond *1378 doubt that plaintiff can prove no set of facts that would entitle him to relief" Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir.1986) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir.1986) (citation omitted).
Plaintiffs Complaint contains sixteen (16) Counts against two different Defendants, Islamorada, Village of Islands, and G & G Trading, Inc. Of Plaintiffs sixteen (16) Counts, fifteen (15) of them consist of allegations against Defendant Islamorada. On November 3, 2004, the Court issued an Order Denying Plaintiffs Motion to Reopen the Case of 01-10026-CIV-KING. The Court found that the 2001 case need not be re-opened because Islamorada fully complied with the Court's April 9, 2003 Order to provide Plaintiff with all of the necessary permits in order to construct their cell phone tower. Now, Plaintiff has filed a new action consisting of fifteen (15) Counts of allegations regarding the same facts that the Court has previously ruled upon. Plaintiff has not alleged any grounds, nor can it allege any grounds, that Islamorada has failed to provide Plaintiff with all of the necessary permits to construct their cell phone tower.
Count sixteen (16) of Plaintiffs Complaint consists of allegations against Defendant G & G Trading, Inc. All of Plaintiffs allegations against G & G Trading, Inc., involve a dispute over property, which are currently, and properly pending in the Circuit Court for the Sixteenth Judicial Circuit, in and for Monroe County, Florida. Count sixteen (16) of Plaintiffs Complaint is governed by state law. Therefore the Court finds that it does not have the authority to resolve the contractual dispute between the parties over the property at issue.
Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is
ORDERED and ADJUDGED that Plaintiffs Motion for Preliminary Injunction be, and the same is hereby, DENIED. It is further
ORDERED and ADJUDGED that for the above-styled action be and the same is hereby, DISMISSED with prejudice. This case is CLOSED.
DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 5th day of November, 2004.
NOTES
[1] Defendant G & G Trading, Inc., filed a Motion to Stay Action and filed it's Response to Plaintiff's Motion for Preliminary Injunction on October 28, 2004.
[2] G & G Trading, Inc. v. Sounds of Service Radio, Inc. and Eddie Bie, Case No. 44-2004-CA-375-P
[3] On April 9, 2003, the Court granted Plaintiff's Motion for Summary Judgment, and ordered Defendant (Islamorada, Village of Islands) to issue Plaintiff the necessary permits to allow Plaintiff to begin construction of the telecommunications tower at the property specified.
[4] The state court has recently held two hearing regarding the "Option to Lease Property" between G & G Trading and Sounds of Service, and is in the process of rendering its decision.