[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15343
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-00399-RS-CAS


GEORGE MCGUIRE,

                                             Plaintiff - Appellant,

                        versus

FLORIDA LOTTERY,
RUBEN MOBLEY,
EVA MOBLEY,
CAROL HALE,
CYNTHIA JENKINS, et al.,

                                             Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 30, 2013)

Before CARNES, BARKETT and BLACK, Circuit Judges.

PER CURIAM:

George McGuire, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). On appeal, McGuire reasserts the claims in his complaint but makes no arguments that relate to the district court's order of dismissal. We liberally construe his *pro se* brief to challenge the propriety of that ruling, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but affirm the district court's dismissal of his complaint.[1]

Section 1915(e) provides that an *in forma pauperis* action or appeal shall be dismissed at any time if the court determines that it fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Section 1915 further provides "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal—(i) is frivolous . . ." 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous if it is without arguable merit either in law or fact. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

To seek relief under 42 U.S.C. § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him

---

[1] We review *de novo* a district court's *sua sponte* dismissal for failure to state a claim pursuant to § 1915(e)(2)(B)(ii), viewing the allegations in the complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). However, we review a district court's *sua sponte* dismissal for frivolity for an abuse of discretion. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

2

of a right[,] privilege, or immunity protected by the Constitution or laws of the United States." *Little v. City of North Miami*, 805 F.2d 962, 965 (11th Cir. 1986) (quotations omitted). Moreover, "[s]ection 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity." *Will v. Mich. Dep't of State Police*, 109 S. Ct. 2304, 2309 (1989). A suit against a state agency is no different than a suit against the state itself, and "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* at 2312.

The district court did not err by dismissing McGuire's complaint because it failed to state a claim under federal law and was frivolous. McGuire asserted that private citizens stole his lottery tickets and profited from them. Alleging theft by private citizens does not state a constitutional claim under § 1983. *Little*, 805 F.2d at 965. The same reasoning applies to McGuire's claim involving the theft of precious stones and other valuables by Jamaican gang members. Moreover, the only non-private party named as a defendant, the "Florida Lottery," does not constitute a "person" under § 1983, and enjoys immunity as a state agency pursuant to the Eleventh Amendment. *Will*, 109 S. Ct. at 2309, 2312. Furthermore, McGuire failed to provide an adequate factual basis for his claims,

3

and instead relied on conflicting generalizations regarding the theft of undocumented lottery tickets purchased from unknown locations, at unknown times. Consequently, McGuire's complaint lacked arguable merit both in fact and in law and warranted dismissal for failure to state a claim and frivolity. Thus, after careful review, we affirm the district court's dismissal of McGuire's complaint.[2]

**AFFIRMED.**

---

[2] McGuire's claims are also barred by *res judicata* because he previously litigated his claims against the named defendants in three different state courts. Notably, the Second Judicial Circuit Court of Florida dismissed his case with prejudice on November 3, 2009, thereby constituting a final adjudication on the merits for *res judicata* purposes. *See Anthony v. Marion County Gen. Hosp.*, 617 F.2d 1164, 1170 (5th Cir. 1980) ("[A] dismissal with prejudice is deemed an adjudication on the merits for the purposes of *res judicata*.")