**Carl HALL, Plaintiff-Appellant,**

v.

**Ron SUTTON, Assoc. Commissioner J.O. Davis, Warden James Cooke, Defendants-Appellees.**

**No. 84–7144**
**Non-argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 19, 1985.

Thomas R. Allison, Asst. Atty. Gen., Montgomery, Ala., for defendants-appellees.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Hall, a state prison inmate in Alabama, appeals the district court's decision granting appellees' (prison officials) motion to dismiss under Fed.R.Civ.P. 12(b)(6) in this action under 42 U.S.C.A. § 1983.

■ In his complaint, Hall makes three claims. He refers to his first claim as a violation of his First Amendment rights. The complaint relates to a box of incense which Hall received to be used for religious purposes and which was confiscated. The face of the complaint reveals, however, that Hall agreed that the incense was to be mailed to his home, and that the remaining dispute relates only to whether or not Hall provided the prison officials with postage to permit the mailing. There being no remaining dispute between the parties relating to Hall's right to use incense for religious purposes, i.e., there being no colora-

ble First Amendment dispute, we affirm the district court's dismissal of this claim on the ground that there is an adequate state remedy for the postage dispute and, thus, it is barred by *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).[1]

■ Hall's third claim is that the prison officials confiscated and destroyed undershorts belonging to Hall in violation of due process of law. We affirm the district court's dismissal of this claim on the ground that there is an adequate state remedy for this alleged deprivation of property and, accordingly, the claim is barred by *Parratt v. Taylor, supra.*

■ Hall's second claim relates to an alleged confiscation of Hall's tennis shoes. The claim is similar to the claim with respect to his undershorts, and would have been barred by *Parratt v. Taylor,* except that Hall asserts that his tennis shoes were confiscated in retaliation for his litigation against the prison officials in a prior suit. With the retaliation assertion, the claim is no longer a mere due process claim, but rather implicates Hall's constitutional right to meaningful access to the courts. *See Bounds v. Smith,* 430 U.S. 817, 824, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72 (1977). There is no question that state officials may not retaliate against a prison inmate for exercising his legal right of access to the courts. *Johnson v. Avery,* 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); *Courtney v. Reeves,* 635 F.2d 326, 329–30 (5th Cir. Unit A Jan. 9, 1981);[2] *Cruz v. Beto,* 603 F.2d 1178, 1185 (5th Cir.1979).

■ Where there is a claim of a substantive deprivation of a constitutional right, *Parratt v. Taylor* and the availability of state remedies provide no bar to federal court adjudication under 42 U.S.C.A.

1. In *Hudson v. Palmer,* — U.S. —, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), the Supreme Court extended the holding in *Parratt,* that a negligent deprivation of property by state officials does not violate due process if an adequate state procedure exists to redress such deprivation, to intentional deprivations, such as those alleged in this case.

2. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

§ 1983. *Patsy v. Florida Bd. of Regents,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982); *McNeese v. Bd. of Education,* 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); *Monroe v. Pape,* 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961) ("The federal remedy is supplemental to the state remedy, and the latter need not be first sought and refused before the federal one is invoked") (Fourth Amendment claim); *Lewis v. Hillsborough Transit Authority,* 726 F.2d 668 (11th Cir.1984) (on rehearing) (*Parratt* holds that a plaintiff has not stated a due process claim under § 1983 if state procedures are adequate; *Patsy* holds that a plaintiff need not exhaust state procedures in cases where a substantive § 1983 claim has been stated); *Cate v. Oldham,* 707 F.2d 1176, 1188 n. 9 (11th Cir.1983) ("The analysis in *Parratt* is uniquely applicable to cases where the basis of a § 1983 action is a due process claim and is irrelevant to appellant's First Amendment argument"); *cf. Hudson v. Palmer,* ── U.S. ──, ── n. 4, 104 S.Ct. 3194, 3197 n. 4, 82 L.Ed.2d 393, 412 n. 4 (1984) ("I join ... the opinion of the Court on the understanding that it simply applies the holding of *Parratt v. Taylor* ... to the facts of this case. [T]he Court's holding [does not] apply to conduct that violates a substantive constitutional right—actions governmental officials may not take no matter what procedural protections accompany them....") (Stevens, J., concurring in relevant part).

■ Since the district court dismissed for failure to state a claim under Fed.R. Civ.P. 12(b)(6), Hall is entitled to a reversal and an opportunity to prove his claim unless it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *cf. Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (allegations of pro se complaint held "to less stringent standards than formal pleadings drafted by lawyers ..."). Because it is conceivable that Hall can prove facts in support of his claim that prison officials

retaliated against him because of his previous use of the courts, we must reverse and remand for further proceedings with respect to that claim.

AFFIRMED in part, REVERSED in part, AND REMANDED for proceedings not inconsistent with this opinion.