**PARKS, Appellant,**

v.

**CRIDER, Appellee.**

[Cite as *Parks v. Crider* (1994), 94 Ohio App.3d 438.]

Court of Appeals of Ohio,
Warren County.

No. CA93–09–078.

Decided April 25, 1994.

*Robert Lee Parks, pro se.*

*Lee Fisher,* Attorney General, and *David G. Cole,* Assistant Attorney General, for appellee.

KERNS, Judge.

This is an appeal from an order of the Warren County Court of Common Pleas which sustained a motion to dismiss the complaint for failing to state a claim upon which relief might be granted. Civ.R. 12(B)(6). Plaintiff-appellant, Robert Lee Parks, is an inmate of the Warren County Correctional Institution, and defendant-appellee, Mike Crider, is employed at that institution by the Ohio Department of Rehabilitation and Correction.

In the complaint, which is plainly styled as a "suit for discrimination and retaliation," Parks alleges that Crider has denied him access to typing paper and other supplies. Specifically, appellant contends that he has ordered and received similar materials several times on previous occasions, and that Crider's present refusal to deliver the items is traceable to two civil actions which Parks previously filed against Crider's fellow employees. The complaint further alleges that other inmates are allowed to receive typing paper and other writing materials in the mail whereas Crider intentionally holds up appellant's property for the sole purpose of harassment and retaliation.

In support of the motion to dismiss, appellee treated appellant's complaint as one merely seeking relief for the deprivation of property by a state official, but the allegations of the complaint, as well as the only reasonable inferences deducible therefrom, reflect an entirely different cause of action. Moreover, the cases of *Parratt v. Taylor* (1981), 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420, and *Hudson v. Palmer* (1984), 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393, which are relied upon by appellee, have no more than peripheral application to the

grievance asserted in appellant's complaint in the present case. Furthermore, and contrary to appellee's argument, the complaint involved something more than an alleged deprivation of property. By its own terms, rather, the complaint relies essentially upon discrimination and retaliation, and there is no question that state officials may not discriminate or retaliate against a prison inmate for exercising his legal and constitutional right of access to the courts. See *Hall v. Sutton* (C.A. 11, 1985), 755 F.2d 786, and the cases cited therein.

While further development of the facts alleged in appellant's complaint may expose the claim as frivolous, it does not appear beyond doubt, at this point, that Parks can prove no set of facts in support of his alleged claim. See *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753. Moreover, the trial court was required, as a matter of law, to accept all allegations in the complaint as true. *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981; *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 532 N.E.2d 753.

■ Where important public policy warrants a limitation on the number of claims which may be filed by any given group, more specificity may be required of the pleader, *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 565 N.E.2d 584, but even in the application of this standard, it is not wholly inconceivable that Parks may be entitled to corrective relief and/or nominal damages. Hence, the judgment of the common pleas court sustaining the motion must be reversed and the cause remanded to the trial court for further proceedings according to law.

*Judgment reversed*
*and cause remanded.*

WALSH, P.J., and KOEHLER, J., concur.