42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry VANDIVER, Plaintiff-Appellant,
v.
Gary NIEMI; John Coyne, Defendants-Appellees.
 No. 94-1642.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1994.
 
 Before: ENGEL, MARTIN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Jerry Vandiver, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive, and monetary relief, Vandiver sued two Michigan prison employees, contending that they filed false misconduct reports against him in retaliation for his legal activities. Vandiver also alleged that the defendants deprived him of access to the courts when they confiscated his legal materials. The defendants were sued in their individual and official capacities.
 
 
 3
 The defendants moved for summary judgment which Vandiver opposed. Upon de novo review of a magistrate judge's report, the district court granted summary judgment for the defendants.
 
 
 4
 In his timely appeal, Vandiver's brief is construed as raising the same issues that he presented to the district court. He also argues that genuine issues of material fact exist to prevent summary judgment for the defendants.
 
 
 5
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 6
 Upon review, we conclude that the defendants were entitled to summary judgment as a matter of law. Vandiver has not established a claim of retaliation. Government officials may not retaliate against persons who have participated in constitutionally protected conduct. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). In order to prevail on this claim, Vandiver must establish that the defendants' actions constituted an "egregious abuse of governmental power." See Cale v Johnson, 861 F.2d 943, 949-50 (6th Cir.1988). Vandiver can meet this burden by showing that his assertion of a protected right was a "substantial" or "motivating factor" in defendants' alleged retaliatory conduct. See Mt. Healthy City Sch. Dist. Bd. of Educ., 429 U.S. at 287. Vandiver bears the burden of showing retaliation. Id. If he meets this burden, the defendants may then show that their conduct would not have been different absent the assertion of the protected right. Id.
 
 
 7
 Vandiver concedes that he was guilty of at least one of the misconduct reports for which he was charged. Because Vandiver admittedly committed one of the charged offenses, there is an insufficient connection between the misconduct reports and Vandiver's legal activities so as to raise a presumption of retaliation. Further, defendants' actions do not constitute an egregious abuse of governmental power.
 
 
 8
 Vandiver contends that he was denied access to the courts as a result of the confiscation of his legal materials. A litigant seeking to prove denial of access to the courts must show prejudice to pending litigation. A court will not presume prejudice. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). In claiming denial of access to the courts, a plaintiff must claim with specificity how he was adversely affected or how the litigation was prejudiced by the confiscation. Vandiver has failed to demonstrate how the confiscation of his legal papers has prejudiced him in the prosecution of pending litigation. His complaint, objections to the magistrate judge's report, and brief on appeal contain only conclusory statements of harm. He provides no specific dates as to when his documents were due or how he was unable to replicate the confiscated documents. Vandiver's conclusory allegations are insufficient to state a claim under 42 U.S.C. Sec. 1983. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir.1988); Smith v. Rose, 760 F.2d 102, 106 (6th Cir.1985).
 
 
 9
 Finally, Vandiver contends that genuine issues of material fact exist which prevent granting of summary judgment for the defendants. However, no such dispute exists in this case.
 
 
 10
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.