[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12238
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 12, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-01315-CV-RBP-S

CARSBIA VAN TAYLOR,

                                                            Plaintiff-Appellant,

versus

MCSWAIN, Sgt.,
J. RICHBURG, Capt.,
GORDY, Capt.,
JOE TEW, Capt.,
JONES, Warden, Donaldson Prison,
all in individual and official capacity, et al.,

                                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 12, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Carsbia Van Taylor, an Alabama state prisoner proceeding pro se and in forma pauperis ("IFP"), appeals the district court's sua sponte 28 U.S.C. §1915A(b)(1) dismissal of his § 1983 action for failure to state a claim. Specifically, in his complaint, Taylor alleged that because he provided legal assistance to other inmates, he was retaliated against in the form of improper segregation, deprivation of property, and infringement on his right to access to the courts.

This Court "review[s] de novo the district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Mills v. Foremost, Inc., 511 F.3d 1300, 1303 (11th Cir. 2008). Pursuant to § 1915A, a district court may dismiss the complaint of a prisoner if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)-(b)(1). A pro se complaint is held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

The standards that apply to dismissal under Fed.R.Civ.P. 12(b)(6) apply to dismissal under § 1915A(b)(1). Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007). That is, although the complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and must contain enough facts to state a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570,127 S.Ct. 1955, 1965, 1974, 167 L.Ed.2d 929 (2007); see also Watts v. Florida Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007).

Under Fed.R.Civ.P. 15(a), leave to amend should be freely given when justice so requires. Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1998). Where it appears that a more carefully crafted complaint might state a claim upon which relief can be granted, we have held that a district court should give a plaintiff an opportunity to amend his complaint instead of dismissing it. See Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985). Although our holding in Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), that district courts could not dismiss a complaint with prejudice without first giving the plaintiff an opportunity to amend the complaint if a more carefully drafted complaint might state a claim, was overruled by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc), we specifically stated that Wagner did not address pro

3

se litigants. Wagner, 314 F.3d at 542 n.1. Thus, the Bank rule remains applicable to pro se litigants when their complaints are dismissed with prejudice. Id.

Under the First Amendment, a prison official may not retaliate against an inmate for exercising the right of free speech. Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). To state a retaliation claim, a plaintiff must allege that (1) his speech or act was constitutionally protected, (2) the defendant's retaliatory conduct adversely affected the protected speech, and (3) there was a casual connection between the retaliatory actions and the adverse effect on speech. Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005). Prisoners do not have a First Amendment right to provide legal assistance to fellow prisoners. Shaw v. Murphy, 532 U.S. 223, 225-232, 121 S.Ct. 1475, 1477-1480, 149 L.Ed.2d 420 (2001). However, where a prisoner undertakes litigation on behalf of others in order to bring about social change and protect constitutional rights, his actions may be considered protected political expression. Adams v. Jones, 784 F.2d 1077, 1081 (11th Cir. 1986). To determine whether a prisoner has stated a First Amendment claim, a court must balance legitimate prison policies against "the substantiality and good faith of an inmate's" First Amendment right. Id.

Access to the courts is also a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth

4

Amendment, and/or the Fourteenth Amendment. Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003). "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977). This right is not a "abstract, freestanding right to a law library or legal assistance," so a prisoner bringing a deprivation of access to court claim must allege actual injury as a "constitutional prerequisite." Lewis v. Casey, 518 U.S. 343, 351-352, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996). One way to do this is to allege that the prison officials' actions actually deterred the plaintiff's pursuit of a nonfrivolous, post-conviction claim or civil rights action, "such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case" that resulted from the prison official's actions. See Al-Amin v. Smith, 511 F.3d 1317, 1332-1333 (11th Cir. 2008).

Whereas an access-to-courts claimant must show actual injury, a state prisoner may recover nominal damages, absent any actual injury sufficient to recover compensatory damages, for a violation of his right to free speech that is separate and distinct from his constitutional right of access to the courts. Id. at 1334-1335.

The Due Process Clause protects against deprivations of "life, liberty, or property without due process of law." U.S. Const. XIV. An inmate, who already has been deprived of liberty, can be deprived further of his liberty, such that due process is required, when (1) a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court, or (2) the state has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, and the deprivation of that benefit "'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Kirby v. Siegelman, 195 F.3d 1285, 1290-1291 (11th Cir. 1999) (quoting Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995)). Short sentences of disciplinary confinement do not tend to present the kind of "atypical" and "significant deprivation" to implicate the Due Process Clause absent a showing that the prisoner's isolation worked a major disruption in the inmate's environment when compared to his placement in the general population. Sandin, 515 U.S. at 486, 115 S.Ct. at 2301 (holding that 30 days of disciplinary confinement did not implicate a liberty interest).

Regarding deprivation of property, a state employee's unauthorized intentional deprivation of an inmate's property does not violate due process under the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is

available.  Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984).  However, where a prisoner claims a substantive deprivation of a constitutional right, such as a retaliation for exercising his legal right of access to the courts, the availability of state remedies provides no bar to federal court adjudication under § 1983.  Hall v. Sutton, 755 F.2d 786, 787-788 (11th Cir. 1985).

Here, the court did not err in dismissing Taylor's segregation and right of access to courts claims because Taylor alleged no facts, which could be liberally construed, to show that his time in segregation worked a major disruption compared to his placement in the general population or that it affected any of his legal claims.

However, the court did err because although Taylor did not have a First Amendment right to provide legal assistance to other inmates, it is not implausible that he assisted other prisoners in order to bring about social change or protect constitutional rights, based on a liberal construction of his complaint.  Adams, 784 F.2d at 1081-82.  Given that Taylor's First Amendment claim would likely be barred by the statute of limitations shortly after the district court entered its final judgment, it should have allowed Taylor to amend his complaint instead of dismissing it.  Additionally, we find that the court erred in relying on the

availability of state remedies to dismiss Taylor's deprivation of property claim because Taylor's allegations plausibly suggest that said deprivation was in retaliation for his exercise of First Amendment rights. Hall v. Sutton, 755 F.2d 786, 787-88 (11th Cir. 1985). Consequently, we affirm in part, reverse in part, and remand for further proceedings consistent with the foregoing.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**