[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11140
Non-Argument Calendar

_____

D.C. Docket No. 7:16-cv-00172-HL-TQL

DARRYL PERNELL BUTLER,

Plaintiff - Appellee,

versus

NURSE AMBER NORMAN, et al.,

Defendants,

HOPE DAVIS,
LT. RON HOWELL,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(March 21, 2019)

Before MARTIN, JILL PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

Two corrections officers appeal a district court order denying their motion for summary judgment on a *pro se* inmate's claim that they retaliated against him for exercising his First Amendment rights.  On appeal, the defendant-officers argue that the district court erred in denying their motion because they are entitled to qualified immunity.  After careful review, we agree with the defendants and therefore reverse the denial of summary judgment and remand to the district court with instructions to enter judgment in their favor.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Darryl Pernell Butler is incarcerated at the Colquitt County Jail in Georgia. Jail staff intercepted a piece of mail that Ernest Robinson, a former inmate, sent to Butler containing a copy of a district court order in a lawsuit in which Robinson was the plaintiff but to which Butler was not a party.  At the time Robinson filed his lawsuit, he was incarcerated at the Jail, but he was no longer incarcerated there when he sent the court order to Butler.  Butler alleged that then-Jail Administrator Rod Howell told him, in the presence of then-detention officer Hope Davis, "[S]ince you filed th[is] lawsuit you cannot use our law book[s] anymore," Doc. 8-

2

¶ 14,[1] and that he would no longer be permitted to access the law library. At his deposition, Butler testified that he had provided no legal assistance to Robinson:

> Q: . . . [Y]ou had done a little bit of work for Mr. Ernest Robinson on a case; is that correct?
> A: No, sir.
> Q: Okay. No legal work for him?
> A: No, sir.

Doc. 69 at 13.

Butler, proceeding *pro se*, filed a 42 U.S.C. § 1983 lawsuit against Howell and Davis for retaliating against him in violation of his First Amendment rights by denying him access to legal materials because they believed that he had assisted Robinson with a lawsuit.[2] Howell and Davis moved for summary judgment, which the magistrate judge recommended denying because genuine disputes of material fact remained as to the nature of Butler's assistance to Robinson and whether Howell and Davis acted with a retaliatory motive. The district court adopted the magistrate judge's recommendation and denied summary judgment to the defendants. The sole issue on appeal is whether the district court erred in denying summary judgment to Howell and Davis on Butler's First Amendment retaliation claim.

---

[1] "Doc. #" refers to the numbered entry on the district court's docket.

[2] Butler also alleged other claims against additional defendants, none of which are before us in this appeal. The district court dismissed without prejudice Butler's claim that Howell and Davis denied him access to the courts, a decision that Butler has not appealed.

3

## II.    STANDARD OF REVIEW

"[W]e review *de novo* a district court's denial of summary judgment involving qualified immunity," *Griesel v. Hamlin*, 963 F.2d 338, 341 (11th Cir. 1992), viewing the facts in the light most favorable to the nonmoving party, *Glasscox v. City of Argo*, 903 F.3d 1207, 1212 (11th Cir. 2018).  Although "[w]e must draw all reasonable inferences in favor of the party opposing summary judgment," where we discern "no genuine dispute concerning any material fact and the movant is entitled to judgment as a matter of law," we must grant summary judgment.  *Id.* at 1212-13.

## III.    DISCUSSION

We reverse the denial of summary judgment to Howell and Davis.  Our careful review of the record reveals no genuine dispute as to the dispositive and material fact that Butler provided no legal assistance to Robinson.  Even assuming, therefore, that Butler had a clearly established First Amendment right against retaliation for providing legal assistance to current or former inmates, Howell and Davis did not violate any such First Amendment right because he engaged in no First Amendment-protected activity.  Howell and Davis thus are entitled to qualified immunity.

### A. We Have Jurisdiction to Hear This Interlocutory Appeal.

4

The magistrate judge recommended denying summary judgment to Howell and Davis because "genuine issues of material fact remain regarding whether Plaintiff provided legal assistance to [Robinson] in an effort to bring about social change and protect constitutional rights" and because Howell and Davis "ha[d] not provided any testimony or evidence to refute Plaintiff's claim that they denied him access to legal materials in retaliation for Plaintiff's assisting [Robinson] with his lawsuit."  Doc. 111 at 7; *see also id.* at 6-7 (citing *Taylor v. McSwain*, 335 F. App'x 32, 34 (11th Cir. 2009) (unpublished) ("[W]here a prisoner undertakes litigation on behalf of others in order to bring about social change and protect constitutional rights, his actions may be considered protected political expression.")).  In their objections to the magistrate judge's report and recommendation, the officers raised both factual and legal disputes:  they asserted that (1) they were entitled to summary judgment because Butler's deposition statement showed that he had provided no legal assistance to Robinson; and (2), even if Butler had provided legal assistance to Robinson and even if this assistance was activity protected by the First Amendment against retaliation, they were entitled to qualified immunity because Butler's right was not clearly established. The district court, after conducting a *de novo* review of Howell and Davis's objections to the magistrate judge's recommendation, adopted the magistrate judge's recommendation and denied summary judgment to the defendants.

5

The district court did not explicitly state that it was denying summary judgment to the officers based on its determination that their alleged conduct violated a clearly established right to be free from retaliation for providing legal assistance to current or former inmates.  Nevertheless, that determination was a necessary condition to the district court's denial of summary judgment:  only if the First Amendment provides a clearly established right against retaliation for providing legal assistance to current or former inmates would it have been proper for the district court to deny qualified immunity and summary judgment.  *See Glasscox*, 903 F.3d at 1213 (explaining that, to defeat a defense of qualified immunity, a plaintiff must show that "(1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation" (internal quotation marks omitted)).  The district court's denial of summary judgment therefore was based both on its implicit determination of these *legal* issues and its conclusion that genuine disputes of material fact remained.

Ordinarily, we may review only final decisions of district courts, which would preclude review of a denial of summary judgment.  *See* 28 U.S.C. § 1291.  However, "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment."  *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).  Stated another way, "interlocutory appellate

6

jurisdiction over the *legal* issues involved in a qualified immunity question exists even where the district court denied the summary judgment motion with the unadorned statement that material issues of fact remain as to the defendant on the federal question claim." *Cottrell v. Caldwell*, 85 F.3d 1480, 1484-85 (11th Cir. 1996) (emphasis added) (alterations adopted) (internal quotation marks omitted) (citing *Behrens v. Pelletier*, 516 U.S. 299, 304 (1996)).  Because the district court's denial of summary judgment turns on disputed issues of law as well as disputed issues of fact, this case comes within *Mitchell*'s exception to § 1291, and we may exercise jurisdiction over this interlocutory appeal.[3]  Further, "in the course of deciding th[is] interlocutory appeal," we retain "authority to decide . . . those evidentiary sufficiency issues that are part and parcel of the core qualified immunity issues, *i.e.*[,] the legal issues."  *Id.* at 1486.

## B. The Defendants Have Not Waived Their Assertion of Qualified Immunity.

Butler contends that the officers waived their argument that they are entitled to qualified immunity by waiting until their reply brief on summary judgment to raise it explicitly.  Although ordinarily "arguments raised for the first time in a

---

[3] Butler's only argument in response to the Jurisdictional Question this Court issued to the parties was that the defendants misstated the record regarding his involvement in the Robinson case—specifically, Butler contends that the piece of mail the defendants intercepted was unrelated to Robinson's lawsuit.  The veracity of Butler's accusation that the defendants mischaracterized the content of the mail does not undermine our jurisdiction over this appeal, however.  Our exercise of interlocutory appellate jurisdiction depends only on whether the district court's order contains reviewable issues of law, not of fact.

7

reply brief are not properly before a reviewing court," *Herring v. Sec'y, Dep't of Corrs.*, 397 F.3d 1338, 1342 (11th Cir. 2005) (alteration adopted) (internal quotation marks omitted), we conclude based on the circumstances here that the officers did not waive the defense of qualified immunity.

Even if the officers failed to timely assert qualified immunity in their briefing before the magistrate judge—an issue we expressly do not decide—it was within the district court's discretion to consider an argument that was not before the magistrate judge. *See Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006). The officers raised the qualified immunity defense in their objections to the magistrate judge's recommendation, Butler had the opportunity to respond to their qualified immunity argument, and the district court specifically stated that it had reviewed the officers' objections and found them unpersuasive. Because the district court exercised its discretion to consider the defendants' qualified immunity defense, the issue is properly before us on appeal.[4]

### C. The Defendants Are Entitled to Qualified Immunity on Butler's Claim That They Denied Him Law Library Access in Retaliation for His Having Provided Legal Assistance to Robinson.

---

[4] In their response to our Jurisdictional Question to the parties, the officers assert that Butler was able to file a surreply and that therefore the primary reason for why reviewing courts do not consider claims and defenses raised for the first time in a reply brief—that the opponent is deprived of an adequate opportunity to respond—does not apply here. *See Knighten v. Comm'r*, 702 F.2d 59, 60 n.1 (5th Cir. 1983) ("It is impermissible to mention an issue for the first time in a reply brief, because the appellee then has no opportunity to respond."). The officers' assertion is misleading and inappropriate because, as they are well aware, they moved below to strike Butler's surreply, and the magistrate judge granted their motion.

The magistrate judge recommended denying summary judgment to the officers on the ground that genuine disputes of material fact remained regarding whether Butler provided legal assistance to Robinson for the purpose of promoting social change and protecting constitutional rights and whether the defendants acted with a retaliatory motive. The district court adopted the magistrate judge's recommendation and denied summary judgment.

Upon a *de novo* review of the record, however, we conclude that no genuine dispute exists as to the dispositive and material fact of whether Butler provided legal assistance to Robinson. *See Cottrell*, 85 F.3d at 1486 (explaining that a reviewing court may reach "those evidentiary sufficiency issues that are part and parcel of the core qualified immunity issues"). At his deposition, Butler testified that he provided no legal assistance to Robinson.[5] A necessary element of a First Amendment retaliation claim is that the plaintiff's "speech or act was constitutionally protected." *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005). Therefore, even assuming that Butler had a First Amendment right against

---

[5] Butler makes conflicting statements in his brief on appeal, arguing in one place that he "did not help Robinson file his lawsuit," Appellee's Br. at 16, and in another that "Mr. Robinson could not have filed his lawsuit without Plaintiff answering request forms" submitted by Robinson to obtain legal research materials, *id.* at 18. To the extent that Butler seeks to use his brief to raise a genuine dispute as to whether he provided legal assistance to Robinson, we must disregard the allegations in his brief that contradict the clear, undisputed record evidence. Federal Rule of Civil Procedure 56 permits a party to support his arguments on summary judgment using only "materials in the record" that was before the district court. Fed. R. Civ. P. 56(c)(1)(A), (3). The clear, undisputed record evidence shows that Butler provided no legal assistance to Robinson.

retaliation for providing legal assistance to a current or former inmate and that this right was clearly established at the time the officers curtailed his access to legal materials, Butler engaged in no speech or acts that came within this assumed First Amendment sphere of protection. *See Cottrell*, 85 F.3d at 1489-92 (resolving qualified immunity question by assuming, without deciding, that defendants' *alleged* actions, if proven, would have violated a clearly established right but determining that the record contained no facts from which a reasonable jury could infer that a necessary factual predicate for a violation existed); *Burrell v. Bd. of Tr. of Ga. Military Coll.*, 970 F.2d 785, 792 (11th Cir. 1992) ("Assuming, without deciding, that [two defendants] would have violated a clearly established right by conspiring with [another defendant] to have [the plaintiff] fired for speaking out against [Georgia Military College], the record does not contain inferable facts that could support a finding that either [of the first two defendants] in any way conspired with [the other defendant] to discharge [the plaintiff] for her public criticism of GMC. Without a conspiracy, there obviously is no constitutional violation. Without a constitutional violation, there can be no violation of a clearly established right."). Because Butler cannot show an essential element of his claim that Howell and Davis violated his First Amendment right against retaliation, the officers are entitled to qualified immunity.

## IV. CONCLUSION

10

We **REVERSE** the district court's order denying defendants Howell and Davis's motion for summary judgment and remand to the district court with instructions to enter judgment in their favor.

**REVERSED.**